LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

EDDIE SOTO, *on behalf of himself,*
*FLSA Collective Plaintiffs*, *and the Class,*

        Plaintiff,

    v.

A-1 REALTY MANAGEMENT, INC.,
JMA BUILDING CONSTRUCTION & REHAB, LLC,
PETER J. ALIZIO, and PAUL ALIZIO,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff EDDIE SOTO ("Plaintiff SOTO" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, A-1 REALTY MANAGEMENT, INC. ("A-1"), JMA BUILDING CONSTRUCTION & REHAB, LLC, ("JMA") (together "Corporate Defendants"), PETER J. ALIZIO, and PAUL ALIZIO ("Individual Defendants," and collectively with the Corporate Defendants, the "Defendants"), and states as follows:

1

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

3. Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the FLSA, and thus seeks to additionally recover from Defendants: (1) economic damages; (2) punitive damages; and (3) attorneys' fees and costs.

4. Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the NYLL, and thus seeks to additionally recover from Defendants: (1) economic damages; (2) punitive damages; and (3) attorneys' fees and costs.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Defendants' principal place of business is in this District.

## **PARTIES**

7. Plaintiff EDDIE SOTO is a resident of Queens County, New York.

8. Defendants operate real estate management companies which provide various management services for the buildings that they own. Individual Defendants own several buildings in the state of New York. Plaintiff believes that A-1 is the parent company of JMA. A-1 owns the properties, and JMA is the maintenance company that runs maintenance on the A-1 buildings. All employees are paid by Defendants regardless of which job site they work through management companies like JMA. Individual Defendants are the principals for both A-1 and JMA. A-1 and JMA both use the same address 1551 Franklin Avenue, Mineola, NY 11501. All employees were paid through JMA as reflected in their paystubs. *See* **Exhibit A.**

9. Corporate Defendant A-1 REALTY MANAGEMENT, INC. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 1551 Franklin Avenue, Mineola, NY 11501.

10. Corporate Defendant JMA BUILDING CONSTRUCTION & REHAB, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 1551 Franklin Avenue, Mineola, NY 11501.

11. Individual Defendant PETER J. ALIZIO is the Chief Executive Officer and owner of Corporate Defendant A1, and a principal of Corporate Defendant JMA. Individual Defendant PETER J. ALIZIO has operational control of Corporate Defendants. Individual Defendant PETER J. ALIZIO exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality,

terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant PETER J. ALIZIO has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant PETER J. ALIZIO additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant PETER J. ALIZIO ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

12. Individual Defendant PAUL ALIZIO is the COO and owner of Corporate Defendant A1, and COO of Corporate Defendant JMA. Individual Defendant PAUL ALIZIO has operational control of Corporate Defendants. Individual Defendant PAUL ALIZIO exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant PAUL ALIZIO has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant PAUL ALIZIO additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of

employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant PAUL ALIZIO ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants is operating efficiently and profitably.

13. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

14. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to labormen, handymen, janitors, custodians, maintenance staff, plumbers, electricians, technicians, and security guards among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to labormen, handymen, janitors, custodians, maintenance staff, plumbers, electricians, technicians, and security guards among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to proper wages, including overtime, due to time shaving; (ii) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL; and (iii) failing to provide proper wage statements per requirements of the NYLL.

23. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation

would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d) Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiff and Class Members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f) Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g) Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL; and

h) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL.

## **STATEMENT OF FACTS**

*Wage and Hour Claims*

28. In or around May 2019, Plaintiff EDDIE SOTTO was hired by Defendants to work as a laborman. During his employment, he was stationed at various homes and residences ("Locations") throughout New York. Plaintiff worked mostly at New Haven Plaza located at 261 Beach 13th Street, Far Rockaway, NY 11611. Plaintiff also worked at 331 and 333 Beach 32nd

Street, Far Rockaway, NY 11611. Plaintiff's employment with Defendants terminated in or around March 2022.

29. Throughout his employment with Defendants, Plaintiff was scheduled to work five (5) days per week, Monday through Friday, from 8:00 a.m. to 5:00 p.m., for a total of forty-five (45) hours per week. FLSA Collective Plaintiffs and Class Members worked a similar number of hours each week.

30. From the start of his employment until in or around July 30, 2019, Plaintiff was paid at a base hourly rate of sixteen dollars ($16) per hour. From in or around July 31, 2019 until in or around October 29, 2019, Plaintiff was paid at a base hourly rate of seventeen dollars ($17) per hour. From in or around October 30, 2019 until in or around January 28, 2020, Plaintiff was paid at a base hourly rate of eighteen dollars ($18) per hour. From in or around January 29, 2020 until the end of his employment, Plaintiff was paid at a base hourly rate of nineteen dollars ($19) per hour. FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

31. Throughout his employment with Defendants, Plaintiff was never paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week, including time shaved hours, as required under the FLSA and NYLL.

32. Throughout his employment with Defendants, Plaintiff was scheduled to work and worked forty-five (45) hours per week. However, Defendants time shaved Plaintiff, as all his pay stubs reflected that he worked forty (40) hours per week. *See* **Exhibit A.** Therefore, at all times Plaintiff was not paid for five (5) hours of overtime every week. FLSA Collective Plaintiffs and Class Members were similarly time shaved overtime hours.

33. In addition, throughout Plaintiff's employment with Defendants, Defendants further time shaved Plaintiff because he was not compensated for all hours worked. Plaintiff would clock in and begin work thirty (30) minutes before his shift. However, these hours were never paid for. Therefore, Plaintiff was not paid for two and half hours (2.5) hours per week. FLSA Collective Plaintiffs and Class Members also were not paid for work done before and after their shift.

34. Furthermore, Plaintiff was subject to a one (1) hour meal break deduction. However, once (1) a week Plaintiff would have to cut not take his full break. As a result, Plaintiff was time shaved a total of approximately one (1) hour per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving for meal breaks they could not take.

35. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

36. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to

provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

37. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class Members their proper wages, including overtime, due to time shaving.

38. Defendants knowingly and willfully operated their business with a policy of not providing wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

*Retaliation Claims*

40. Defendants retaliated against Plaintiff SOTO in violation of the FLSA and NYLL by firing Plaintiff in response to Plaintiff filing a worker's compensation lawsuit against Defendants.

41. Plaintiff was fired by owner PAUL ALIZIO after he pursued a worker's compensation lawsuit for an injury he suffered while working. Plaintiff suffered the accident on June 11, 2020 and that is when Defendants started treating Plaintiff poorly. At one point his manager Jeff [LNU] even told him, "the owner doesn't like you anymore because of your situation."

42. After Plaintiff filed his complaint, Defendants were looking for a way to fire Plaintiff. This included Defendants telling Plaintiff to get vaccinated in order to continue working for them. Despite the fact that Plaintiff got vaccinated, he was still fired without a proper explanation. Defendants continued to employee other employees who were not vaccinated.

43. Throughout his employment, Plaintiff did not have any performance issues.

44. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

49. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

50. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records

by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked, when Defendants knew or should have known such was due.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, plus an equal amount as liquidated damages.

55. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

56. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

57. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

58. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular

rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

59. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members wage notice, at date of hiring and annually thereafter, as required under NYLL.

60. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants provided fraudulent wage statements that failed to accurately reflect the number of hours worked and proper compensation of Plaintiff and Class Members.

61. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to time shaving; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

62. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

63. At all relevant times Plaintiff was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

64. Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this Act."

65. As alleged herein, Plaintiff filed a worker's compensation regarding an injury that occurred while working for Defendants. In response, Defendants fired Plaintiff.

66. This retaliatory firing was in willful disregard of the provisions of the FLSA.

67. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages; as well as an award of liquidated damages; interest; attorney's fees and costs, as provided for under the FLSA.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

68. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

69. At all relevant times Plaintiff was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

70. Defendants willfully violated the NYLL by retaliating against Plaintiff by firing him after he filed a worker's compensation lawsuit.

71. Defendants' actions constitute a violation of Sections 215 of the NYLL. In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter</u>, or any order issued by the commissioner. . . . (emphasis added).

72. As alleged herein, Plaintiff filed a worker's compensation regarding an injury that occurred while working for Defendants. In response, Defendants fired Plaintiff in violation of Section 215(a).

73. This retaliatory firing of Plaintiff was in willful disregard of the provisions of the NYLL.

74. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages; as well as an award of liquidated damages; interest; attorney's fees and costs, as provided for under the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time shaving due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

h. An award of economic damages; punitive damages; and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the FLSA and NYLL;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representatives of the Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 15, 2022

               Respectfully submitted,

            By: */s/ C.K. Lee*
              C.K. Lee, Esq.

              **LEE LITIGATION GROUP, PLLC**
              C.K. Lee (CL 4086)
              Anne Seelig (AS 3976)
              148 West 24th Street, 8th Floor
              New York, NY 10011
              Tel.: 212-465-1188
              Fax: 212-465-1181
              *Attorneys for Plaintiff,*
              *FLSA Collective Plaintiffs, and the Class*